Douglas R. Weider
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ  07932
(973) 301-8410

*Counsel* for *Plaintiff*
*Acrotech Biopharma Inc.*

Gregory Miller
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
(201) 287-2460

*Counsel for Plaintiff*
*CyDex Pharmaceuticals, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACROTECH BIOPHARMA INC. f/k/a ACROTECH BIOPHARMA LLC and CYDEX PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLAND PHARMA LIMITED, <br><br> Defendant. | C.A. No. _____ <br><br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

**COMPLAINT**

Plaintiffs Acrotech Biopharma Inc. f/k/a Acrotech Biopharma LLC ("Acrotech") and CyDex Pharmaceuticals, Inc. ("CyDex") (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Gland Pharma Limited ("Gland Pharma" or "Defendant"), hereby allege as follows:

1

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, arising from Gland Pharma's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 220632 (the "Gland Pharma ANDA") which contains a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certification") seeking approval to engage in the commercial manufacture, use, sale, and/or importation of a generic version of Acrotech's Melphalan Hydrochloride, EQ 50 mg Base/Vial (sold under the tradename, "EVOMELA®") prior to the expiration of United States Patent Nos. 10,864,183 (the "'183 Patent"); 10,940,128 (the "'128 Patent"); and 11,020,363 (the "'363 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Acrotech is a Delaware limited liability company having its principal place of business at 279 Princeton Hightstown Rd., East Windsor, NJ 08520.

3. CyDex is a Delaware corporation having its principal place of business at 3911 Sorrento Valley Boulevard, Suite 110, San Diego, CA 92121.

4. On information and belief, Gland Pharma is a corporation organized and existing under the laws of the Republic of India with a place of business at Survey No. 143-148, 150 & 151 Near Gandimaisamma 'X' Roads D.P. Pally, Dundigal Gandimaisamma Mandal MedchalMalkjgiri District, Hyderabad 500043, Telangana, India.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a),

2201, and 2202.

6. On information and belief, this Court has personal jurisdiction over Gland Pharma under the New Jersey state long arm statute and consistent with due process of law because Gland Pharma has extensive contacts with the State of New Jersey and regularly does business in this judicial district. Further, Gland Pharma plans to sell its proposed generic version of EVOMELA® (the "Gland Pharma ANDA Product") in the State of New Jersey, which provides an independent basis for personal jurisdiction.

7. This Court has personal jurisdiction over Gland Pharma because Gland Pharma has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey. On information and belief, Gland Pharma regularly and continuously transacts business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey. On information and belief, Gland Pharma derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

8. This Court has personal jurisdiction over Gland Pharma because, on information and belief, Gland Pharma derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this judicial district.

9. Upon information and belief, Gland Pharma is in the business of, among other things, the development, manufacturing, importation, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district. Gland Pharma's website states, "Gland Pharma has grown over the years from a contract manufacturer

3

of small volume liquid parenteral products, to become one of the largest and fastest growing generic injectables manufacturing companies, with a global footprint across 60 countries, including the United States, Europe, Canada, Australia, India and other markets."

11. 10. This Court has personal jurisdiction over Gland Pharma because, *inter alia*, Gland Pharma has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Acrotech and CyDex in New Jersey. Further, on information and belief, following approval of the ANDA, Gland Pharma will make, use, import, sell, and/or offer for sale the Gland Pharma ANDA Product in the United States, including in New Jersey, prior to the expiration of the Patents-in-Suit.

11. On information and belief, this Court also has personal jurisdiction over Gland Pharma because it has previously availed itself of the legal protections of the State of New Jersey by, among other things, not contesting jurisdiction in this judicial district, and pursuing counterclaims in this judicial district, including in at least *Merck Sharp & Dohme LLC v. Gland Pharma Limited*, No. 22-05461, ECF No. 12 (D.N.J. Mar. 6, 2023) and *American Regent, Inc. v. Gland Pharma Limited*, No. 24-7802, ECF No. 13 (D.N.J. Sep. 9, 2024).

12. In the alternative, this Court has personal jurisdiction over Gland Pharma because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Gland Pharma is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Gland Pharma has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting the ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Gland Pharma satisfies due process.

13. Venue is further proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b).

14. On information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391(c)(3) because Gland Pharma is a foreign company not residing in any United States judicial district and may be sued in any judicial district.

## BACKGROUND

15. Acrotech is the holder of New Drug Application ("NDA") No. 207155 ("EVOMELA® NDA") for Captisol®-enabled Melphalan HCl for Injection, 50mg (free base)/vial.

16. EVOMELA® is covered by one or more claims of the Patents-in-Suit.

17. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '183 Patent has been listed in the Orange Book in connection with the EVOMELA® NDA.

18. On December 15, 2020, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '183 Patent, entitled "Injectable Nitrogen Mustard Compositions Comprising a Cyclodextrin Derivative and Methods of Making and Using the Same." A true and correct copy of the '183 Patent is attached hereto as Exhibit A.

19. The '183 Patent is assigned to CyDex. Acrotech is an exclusive licensee of the '183 Patent with a right to assert the '183 Patent.

20. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '128 Patent has been listed in the Orange Book in connection with the EVOMELA® NDA.

21. On March 9, 2021, the USPTO duly and lawfully issued the '128 Patent, entitled "Injectable Nitrogen Mustard Compositions Comprising a Cyclodextrin Derivative and Methods of Making and Using the Same." A true and correct copy of the '128 Patent is attached hereto as Exhibit B.

22. The '128 Patent is assigned to CyDex. Acrotech is an exclusive licensee of the '128

5

Patent with a right to assert the '128 Patent.

23. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '363 Patent has been listed in the Orange Book in connection with the EVOMELA® NDA.

24. On June 1, 2021, the USPTO duly and lawfully issued the '363 Patent, entitled "Injectable Nitrogen Mustard Compositions Comprising a Cyclodextrin Derivative and Methods of Making and Using the Same." A true and correct copy of the '363 Patent is attached hereto as Exhibit C.

25. The '363 Patent is assigned to CyDex and Acrotech.

26. By letter dated October 14, 2025 ("the Notice Letter"), Gland Pharma notified Acrotech and CyDex that, pursuant to the Federal Food, Drug, and Cosmetic Act, Gland Pharma had submitted an ANDA with the FDA, seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Gland Pharma ANDA Product prior to the expiration of the Patents-in-Suit.

27. On information and belief, Gland Pharma submitted a Paragraph IV Certification with the Gland Pharma ANDA, asserting that the Patents-in-Suit will not be infringed by the manufacture, use, offer for sale, sale, or importation of the Gland Pharma ANDA Product, or alternatively, that the Patents-in-Suit are invalid.

28. In the Notice Letter, Gland Pharma did not assert a defense of non-infringement with respect to any of (i) claims 1-6 and 8-10 of the '183 Patent, (ii) claims 1-14 of the '128 Patent, and (iii) claims 1-7 of the '363 Patent.

29. On information and belief, the Gland Pharma ANDA Product is a generic version of EVOMELA®, as its reference listed drug, containing the same or equivalent ingredients in the same or equivalent amounts.

30. On information and belief, the Gland Pharma ANDA Product will feature the same or equivalent chemical and therapeutic properties as EVOMELA®.

## COUNT I - INFRINGEMENT OF THE '183 PATENT

31. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

32. On information and belief, Gland Pharma submitted the Gland Pharma ANDA to the FDA, pursuant to 21 U.S.C. § 355(j) seeking approval to market the Gland Pharma ANDA Product.

33. The Gland Pharma ANDA refers to and relies upon the EVOMELA® NDA and contains data that, according to Gland Pharma, demonstrates the bioequivalence of the Gland Pharma ANDA Product to EVOMELA®.

34. Gland Pharma has infringed at least one claim of the '183 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Gland Pharma ANDA, by which Gland Pharma seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Gland Pharma ANDA Product prior to the expiration of the '183 patent.

35. Gland Pharma has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Gland Pharma ANDA Product in the event the FDA approves the Gland Pharma ANDA. Accordingly, an actual and immediate controversy exists regarding Gland Pharma's infringement of the '183 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

36. Gland Pharma's commercial manufacture, use, offer to sell, or sale of the Gland Pharma ANDA Product within the United States, or importation of the Gland Pharma ANDA Product into the United States, during the term of the '183 Patent would infringe the '183 Patent under 35 U.S.C. § 271(a), (b), (c), (f) and/or (g).

37. On information and belief, the Gland Pharma ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe the '183 Patent.

38. On information and belief, the use of the Gland Pharma ANDA Product constitutes a material part of the claims of the '183 Patent; Gland Pharma knows that the Gland Pharma ANDA Product is especially made or adapted for use in infringing the claims of the '183 Patent; and the Gland Pharma ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial non-infringing use.

39. On information and belief, the offering to sell, sale, and/or importation of the Gland Pharma ANDA Product would contributorily infringe the claims of the '183 Patent.

40. On information and belief, Gland Pharma had knowledge of the '183 Patent and, by its promotional activities and package inserts for the Gland Pharma ANDA Product, knows or should know that it will aid and abet another's direct infringement of the claims of the '183 Patent.

41. On information and belief, the offering to sell, sale, and/or importation of the Gland Pharma ANDA Product would actively induce infringement of the claims of the '183 Patent.

42. Plaintiffs will be substantially and irreparably harmed if Gland Pharma is not enjoined from infringing the '183 Patent.

43. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**COUNT II - INFRINGEMENT OF THE '128 PATENT**

44. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

45. On information and belief, Gland Pharma submitted the Gland Pharma ANDA to the FDA, pursuant to 21 U.S.C. § 355(j) seeking approval to market the Gland Pharma ANDA

Product.

46. The Gland Pharma ANDA refers to and relies upon the EVOMELA® NDA and contains data that, according to Gland Pharma, demonstrates the bioequivalence of the Gland Pharma ANDA Product to EVOMELA®.

47. Gland Pharma has infringed at least one claim of the '128 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Gland Pharma ANDA, by which Gland Pharma seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Gland Pharma ANDA Product prior to the expiration of the '128 patent.

48. Gland Pharma has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Gland Pharma ANDA Product in the event the FDA approves the Gland Pharma ANDA. Accordingly, an actual and immediate controversy exists regarding Gland Pharma's infringement of the '128 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

49. Gland Pharma's commercial manufacture, use, offer to sell, or sale of the Gland Pharma ANDA Product within the United States, or importation of the Gland Pharma ANDA Product into the United States, during the term of the '128 Patent would infringe the '128 Patent under 35 U.S.C. § 271(a), (b), (c), (f) and/or (g).

50. On information and belief, the Gland Pharma ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe the '128 Patent.

51. On information and belief, the use of the Gland Pharma ANDA Product constitutes a material part of the claims of the '128 Patent; Gland Pharma knows that the Gland Pharma ANDA Product is especially made or adapted for use in infringing the claims of the '128 Patent;

9

and the Gland Pharma ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial non-infringing use.

52. On information and belief, the offering to sell, sale, and/or importation of the Gland Pharma ANDA Product would contributorily infringe the claims of the '128 Patent.

53. On information and belief, Gland Pharma had knowledge of the '128 Patent and, by its promotional activities and package inserts for the Gland Pharma ANDA Product, knows or should know that it will aid and abet another's direct infringement of the claims of the '128 Patent.

54. On information and belief, the offering to sell, sale, and/or importation of the Gland Pharma ANDA Product would actively induce infringement of the claims of the '128 Patent.

55. Plaintiffs will be substantially and irreparably harmed if Gland Pharma is not enjoined from infringing the '128 Patent.

56. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

### COUNT III - INFRINGEMENT OF THE '363 PATENT

57. Plaintiffs reallege all preceding paragraphs as if fully set forth herein.

58. On information and belief, Gland Pharma submitted the Gland Pharma ANDA to the FDA, pursuant to 21 U.S.C. § 355(j) seeking approval to market the Gland Pharma ANDA Product.

59. The Gland Pharma ANDA refers to and relies upon the EVOMELA® NDA and contains data that, according to Gland Pharma, demonstrates the bioequivalence of the Gland Pharma ANDA Product to EVOMELA®.

60. Gland Pharma has infringed at least one claim of the '363 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Gland Pharma ANDA, by

which Gland Pharma seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Gland Pharma ANDA Product prior to the expiration of the '363 patent.

61. Gland Pharma has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Gland Pharma ANDA Product in the event the FDA approves the Gland Pharma ANDA. Accordingly, an actual and immediate controversy exists regarding Gland Pharma's infringement of the '363 Patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

62. Gland Pharma's commercial manufacture, use, offer to sell, or sale of the Gland Pharma ANDA Product within the United States, or importation of the Gland Pharma ANDA Product into the United States, during the term of the '363 Patent would infringe the '363 Patent under 35 U.S.C. § 271(a), (b), (c), (f) and/or (g).

63. On information and belief, the Gland Pharma ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe the '363 Patent.

64. On information and belief, the use of the Gland Pharma ANDA Product constitutes a material part of the claims of the '363 Patent; Gland Pharma knows that the Gland Pharma ANDA Product is especially made or adapted for use in infringing the claims of the '363 Patent; and the Gland Pharma ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial non-infringing use.

65. On information and belief, the offering to sell, sale, and/or importation of the Gland Pharma ANDA Product would contributorily infringe the claims of the '363 Patent.

66. On information and belief, Gland Pharma had knowledge of the '363 Patent and, by its promotional activities and package inserts for its ANDA Product, knows or should know

that it will aid and abet another's direct infringement of the claims of the '363 Patent.

67.     On information and belief, the offering to sell, sale, and/or importation of the Gland Pharma ANDA Product would actively induce infringement of the claims of the '363 Patent.

68.     Plaintiffs will be substantially and irreparably harmed if Gland Pharma is not enjoined from infringing the '363 Patent.

69.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants and for the following relief:

a.      A judgment under 35 U.S.C. § 271(e)(2)(A) that Gland Pharma has infringed the Patents-in-Suit through Gland Pharma's submission of the Gland Pharma ANDA with a Paragraph IV Certification to the FDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import within or into the United States the Gland Pharma ANDA Product before the expiration of the Patents-in-Suit;

b.      A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) declaring that Gland Pharma's commercial manufacture, use, offer for sale, sale, and/or importation within or into the United States of the Gland Pharma ANDA Product before the expiration of the Patents-in-Suit will infringe, actively induce infringement, and/or contribute to the infringement of the Patents-in-Suit;

c.      A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration date of the Patents-in-

Suit, including any extensions;

      d.      That Plaintiffs be awarded monetary relief if Defendant commercially uses, offers to sell, or sells its proposed generic versions of EVOMELA® or any other product that infringes or induces or contributes to the infringement of the Patents-in-Suit, within the United States, prior to the expiration of the Patents-in-Suit, including any extensions, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

      e.      The entry of a permanent and/or preliminary injunction enjoining Gland Pharma, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from making, having made, using, offering to sell, selling, marketing, distributing, and importing in or into the United States the Gland Pharma ANDA Product, or any product that infringes the Patents-in-Suit, or inducing or contributing to the infringement the Patents-in-Suit until after the expiration date of the Patents-in-Suit, including any extension and/or additional periods of exclusivity to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

      f.      The entry of a permanent and/or preliminary injunction enjoining Gland Pharma, and its affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of the Gland Pharma ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

      g.      A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action; and

      h.      Such other and further relief as the Court deems just and appropriate.

Dated:  November 26, 2025

<table>
<tr><td>

*/s/Douglas R. Weider*
Douglas R. Weider
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 301-8410

OF COUNSEL:

Scott J. Bornstein (*pro hac vice forthcoming*)
Giancarlo Scaccia
**GREENBERG TRAURIG, LLP**
One Vanderbilt Ave.
New York, NY 10017
(212) 801-9200
(212) 801-6400 (fax)
scott.bornstein@gtlaw.com
scacciag@gtlaw.com

Jonathan R. Wise (*pro hac vice forthcoming*)
**GREENBERG TRAURIG, LLP**
1717 Arch Street, Suite 400
Philadelphia, PA 19103
(215) 988-7850
wisej@gtlaw.com

*Counsel for Plaintiff
Acrotech Biopharma Inc.*

</td><td>

*/s/ Gregory Miller*
Gregory Miller
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601
(201) 287-2460

OF COUNSEL:

Joseph M. Reisman (*pro hac vice forthcoming*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
(858) 707-4000
joseph.reisman@knobbe.com

Jared C. Bunker (*pro hac vice forthcoming*)
Nicholas A. Belair (*pro hac vice forthcoming*)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
14th Floor
Irvine, CA 92614
(949) 760-0404
jared.bunker@knobbe.com
nick.belair@knobbe.com

*Counsel for Plaintiff
CyDex Pharmaceuticals, Inc.*

</td></tr>
</table>

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 and 40.1**

Plaintiffs Acrotech Biopharma Inc. and CyDex Pharmaceuticals, Inc., by their undersigned counsel, hereby certify that the matter in controversy is not subject to any other action pending in any court, or of any pending arbitration or administrative proceeding.

| | |
|---|---|
| /s/Douglas R. Weider<br>Douglas R. Weider<br>**GREENBERG TRAURIG, LLP**<br>500 Campus Drive, Suite 400<br>Florham Park, NJ 07932<br>(973) 301-8410<br><br>OF COUNSEL:<br><br>Scott J. Bornstein (*pro hac vice*)<br>Giancarlo Scaccia<br>**GREENBERG TRAURIG, LLP**<br>One Vanderbilt Ave.<br>New York, NY 10017<br>(212) 801-9200<br>(212) 801-6400 (fax)<br>scott.bornstein@gtlaw.com<br>scacciag@gtlaw.com<br><br>Jonathan R. Wise (*pro hac vice*)<br>**GREENBERG TRAURIG, LLP**<br>1717 Arch Street, Suite 400<br>Philadelphia, PA 19103<br>(215) 988-7850<br>wisej@gtlaw.com<br><br>*Counsel for Plaintiff*<br>*Acrotech Biopharma Inc.* | /s/ Gregory Miller<br>Gregory Miller<br>**RIVKIN RADLER LLP**<br>25 Main Street<br>Court Plaza North, Suite 501<br>Hackensack, NJ 07601<br>(201) 287-2460<br><br>OF COUNSEL:<br><br>Joseph M. Reisman (*pro hac vice*)<br>**KNOBBE, MARTENS, OLSON & BEAR, LLP**<br>12790 El Camino Real<br>San Diego, CA 92130<br>(858) 707-4000<br>joseph.reisman@knobbe.com<br><br>Jared C. Bunker (*pro hac vice forthcoming*)<br>Nicholas A. Belair ((*pro hac vice forthcoming*)<br>**KNOBBE, MARTENS, OLSON & BEAR, LLP**<br>2040 Main Street<br>14th Floor<br>Irvine, CA 92614<br>(949) 760-0404<br>jared.bunker@knobbe.com<br>nick.belair@knobbe.com<br><br>*Counsel for Plaintiff*<br>*CyDex Pharmaceuticals, Inc.* |